UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

LIBIA VERONICA OSPINA, an individual,

    Plaintiff,

    v.

EXECUTIVE BANKING CORPORATION,
a Florida Corporation, d/b/a EXECUTIVE NATIONAL BANK,

    Defendant.
_____/

## COMPLAINT

1.      Plaintiff, LIBIA VERONICA OSPINA (hereinafter referred to as "Plaintiff"), is an individual residing in Miami-Dade County, Florida.

2.      Defendant, EXECUTIVE BANKING CORPORATION, a Florida Corporation, d/b/a EXECUTIVE NATIONAL BANK (referred to as "Defendant" and "EXECUTIVE NATIONAL BANK"), has at all times material to this Complaint owned and operated a banking business with multiple branch locations throughout Miami-Dade County, with Defendant's principal office at 9600 N. Kendall Drive, Miami, Florida 33176.

3.      Plaintiff brings this action for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

4.      Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

5.      A substantial part of the events giving rise to this action occurred in Miami-Dade County, Florida within the jurisdiction of the United States District Court for the Southern District of Florida.

6.      At all times material to this Complaint including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019, EXECUTIVE NATIONAL BANK has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.  In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint including during the years 2016, 2017, 2018, and 2019, EXECUTIVE NATIONAL BANK has employed two (2) or more employees who, *inter alia*, have regularly: (a) handled and worked with office and banking equipment such as copiers, scanners, faxes, computers and telephones, and automatic teller machines as well as supplies such as paper, pens, U.S. Postal Service & FedEx shipping materials, all of which were goods and/or materials moved in or produced for commerce; and (b) processed and participated in electronic bank and write transfers and other financial electronic transactions across State lines between Florida and other States across the United States including but not limited to, by way of example, California, New York,  Oklahoma, and Texas.

7.      Based upon information and belief, the annual gross sales volume of EXECUTIVE NATIONAL BANK has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019.

8.      At all times material to this Complaint, including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019, EXECUTIVE NATIONAL BANK has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

9.      In December 2015, EXECUTIVE NATIONAL BANK hired Plaintiff to work in the position titled as "Assistant Branch Manager" based upon an annual salary of $49,000.00 and reporting to Defendant's Tamiami Branch Manager, Oemma Ortega Vazquez, as well as

Defendant's District Manager, Sandy Bell.

10.     Throughout the three (3) year statute of limitations period between December 2016 and September 2019, Plaintiff worked for EXECUTIVE NATIONAL BANK in the position titled as "Assistant Branch Manager" based at Defendant's Tamiami branch location at 13354 SW 128 Street, Miami, Florida 33186 in Miami-Dade County, Florida with Plaintiff's primary duties consisting of the following non-exempt tasks: opening the branch; assisting customers, providing customer service on a daily basis, completing wire transfers, and updating accounts; trying to generate new business (i.e., revenue); working with both bankers and tellers in the Tamiami branch to carry out customer service and branch audits pursuant to Defendant's guidelines; and monitoring security cameras and keeping bank logs updated.

11.     The primary job duties Plaintiff performed for EXECUTIVE NATIONAL BANK during the statute of limitations period between December 2016 and September 2019 while in the "Assistant Branch Manager" position *did not* involve the exercise of independent judgment nor were Plaintiff's primary duties administrative tasks that involved exercising discretion for Defendant's general business operations.

12.     Likewise, the primary duties Plaintiff performed for EXECUTIVE NATIONAL BANK between December 2016 and September 2019 required little skill and no capital investment, as these duties *did not* substantially include managerial responsibilities or the exercise of independent judgment with respect to matters of significance in the operation of Defendant's administration or production operations.

13.     Instead, throughout the course of the time Plaintiff worked in the "Assistant Branch Manager" position for EXECUTIVE NATIONAL BANK between December 2016 and September 2019, Plaintiff devoted the majority of her working time for Defendant each week to

performing non-exempt ministerial, clerical tasks and customer service for Defendant's Tamiami branch location.

14.     Finally, the primary duties of Plaintiff for EXECUTIVE NATIONAL BANK during the three (3) year statute of limitations period between December 2016 and September 2019 while in the "Assistant Branch Manager" position *was not* management of any branch location or any department(s) within the branch, and Plaintiff had no authority for and did not regularly interview, hire, discipline, or fire employees of EXECUTIVE NATIONAL BANK.

15.     During the three (3) year statute of limitations period between December 2016 and September 2019, Plaintiff regularly worked for EXECUTIVE NATIONAL BANK while in the position of "Assistant Branch Manager" with start times on weekdays five (5) days per week of approximately 8:30 a.m. and stop times of approximately 5:30 p.m., in addition to which Plaintiff regularly worked one (1) to two (2) Saturdays per month between approximately 8:30 a.m. and 12:00 Noon.

16.     However, EXECUTIVE NATIONAL BANK failed to pay Plaintiff time and one-half wages for all of the hours she worked in excess of Forty (40) hours per week for Defendant in numerous work weeks during the three (3) year statute of limitations period between December 2016 and September 2019 present as required by the Fair Labor Standards Act, with EXECUTIVE NATIONAL BANK, instead misclassifying Plaintiff as exempt from the FLSA's overtime compensation requirements despite her primary duties being non-exempt in nature and Defendant paying Plaintiff salaried wages for Forty (40) hours of work per week between December 2016 and September 2019 without time and one-half compensation for the overtime hours Plaintiff regularly worked for Defendant.

17.     Subject to discovery, based upon EXECUTIVE NATIONAL BANK paying Plaintiff average gross weekly wages of $909.47 per week in 2016 for Forty (40) hours of work per week, $973.47 per week in 2017 for Forty (40) hours of work per week, $1,003.90 per week in 2018 for Forty (40) hours of work per week, and $1,056.16 per week in 2019 for Forty (40) hours of work per week, and based upon Plaintiff being owed an average of between approximately Four (4) and Seven (7) uncompensated overtime hours per week from Defendant during a total of approximately One Hundred and Thirty-Three (133) work weeks between December 2016 and September 2019, if Plaintiff's unpaid overtime wages are found to be due and owing at the time and one-half rates of $34.11/hour in 2016  [$909.47/40 hours = $22.74/hour x 1.5 = $34.11/hour], $36.51/hour in 2017 [$973.47/40 hours = $24.34/hour x 1.5 = $36.51/hour], $37.65/hour in 2018 [$1,003.90/40 hours = $25.10/hour x 1.5 = $37.65/hour], and $39.61/hour in 2019 [$1,056.16/40 hours = $26.40/hour x 1.5 = $39.61/hour], Plaintiff's unpaid overtime wages total approximately **$23,654.89** [2016:  $34.11/hour x 4 OT hours/week x 2.0 weeks = $272.84] + [2017: ($36.51/hour x 4 OT hours/week x 37 weeks = $5,402.76) + ($36.51/hour x 7 OT hours/week x 12 weeks = $3,066.84)] + [2018: ($37.65/hour x 4 OT hours/week x 37 weeks = $5,571.65) + ($37.65/hour x 7 OT hours/week x 12 weeks = $3,162.60)] + [2019: ($39.61/hour x 4 OT hours/week x 25 weeks = $3,960.60) + ($39.61/hour x 7 OT hours/week x 8 weeks = $2,217.60)].  In the alternative, if EXECUTIVE NATIONAL BANK were to be able to demonstrate that the FLSA's "fluctuating workweek method," 29 C.F.R. §778.114, governs the calculation of Plaintiff's unpaid overtime wages on a half-time basis, Plaintiff's unpaid overtime wages total **$7,004.65** [2016: $909.47/44 hours = $20.67/2 = $10.33/hour x 4 OT hours/week x 2.0 weeks = $82.68] +[2017: ($973.47/44 hours = $22.12/2 = $11.06/hour x 4 OT hours/week x 37 weeks = $1,637.20) + ($973.47/47 hours = $20.71/2 = $10.36/hour x 7 OT hours/week x 12 weeks = $869.61)] + [2018: ($1,003.90/44

hours = \$22.82/2 = \$11.41/hour x 4 OT hours/week x 37 weeks = \$1,688.38) + (\$1,003.90/47

hours = \$21.36/2 = \$10.68/hour x 7 OT hours/week x 12 weeks = \$897.10)] + [2019: (\$1,056.16/44

hours = \$24.00/2 = \$12.00/hour x 4 OT hours/week x 25 weeks = \$1,200.18) + (\$1,056.16/47

hours = \$ 22.47/2 = \$11.24/hour x 7 OT hours/week x 8 weeks = \$629.20)].

18.      Based upon information and belief, EXECUTIVE NATIONAL BANK failed to maintain accurate records of Plaintiff's actual start times, stop times, number of hours worked each day, and total hours actually worked each week during the three (3) year statute of limitations period between December 2016 and September 2019 as required by the FLSA, 29 C.F.R. §516.2(a)(7).

19.      Nonetheless, EXECUTIVE NATIONAL BANK had knowledge of the hours worked in excess of Forty (40) hours per week by Plaintiff as an "Assistant Branch Manager" during each week between December 2016 and September 2019 but Defendant willfully failed to compensate Plaintiff for all of her actual overtime hours worked for Defendant, instead accepting the benefits of the work performed by Plaintiff without the overtime compensation required by the FLSA, 29 U.S.C. §207.

20.      The complete records reflecting the compensation paid by EXECUTIVE NATIONAL BANK to Plaintiff each week while in the "Assistant Branch Manager" position between December 2016 and September 2019 are in the possession, custody, and/or control of Defendant.

### COUNT I
### OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

21.      Plaintiff, LIBIA VERONICA OSPINA, readopts and realleges the allegations contained in Paragraphs 1 through 20 above.

22.      Plaintiff is entitled to be paid time and one-half of her applicable regular rate(s) of

pay for each hour she worked for EXECUTIVE NATIONAL BANK as a non-exempt employee

in excess of Forty (40) hours per work week during the three (3) year statute of limitations period

between December 2016 and September 2019.

23.     EXECUTIVE NATIONAL BANK knowingly and willfully failed to pay Plaintiff

at time and one-half of her applicable regular rate(s) of pay for all hours Plaintiff worked for

Defendant in excess of Forty (40) per week during the three (3) year statute of limitations period

between December 2016 and September 2019.

24.     At all times material to this Complaint, EXECUTIVE NATIONAL BANK had

constructive and actual notice that Defendant's compensation practices did not provide Plaintiff

with time and one-half wages for all of the actual overtime hours Plaintiff worked while in the

position of "Assistant Branch Manager" for Defendant during the statute of limitations period

between December 2016 and September 2019 based upon, *inter alia*, Defendant: (a) failing to

maintain accurate time records of the actual start times, actual stop times, and actual total hours

worked each week by Plaintiff; and (b) knowingly failing to pay time and one-half wages for all

of the actual hours worked in excess of Forty (40) hours per week by Plaintiff, and instead failing

to pay time and one-half wages for the overtime hours that EXECUTIVE NATIONAL BANK

knew had been worked for the benefit of Defendant.

25.     By reason of the said intentional, willful and unlawful acts of EXECUTIVE

NATIONAL BANK, Plaintiff suffered damages plus incurring costs and reasonable attorneys'

fees.

26.     Based upon information and belief, at all times material to this Complaint,

EXECUTIVE NATIONAL BANK did not have a good faith basis for its failure to pay time and

one-half wages for all of the actual overtime hours worked by Plaintiff as an "Assistant Branch

Manager," as a result of which Plaintiff is entitled to the recovery of liquidated damages from Defendant pursuant to 29 U.S.C. §216(b).

27.     Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from EXECUTIVE NATIONAL BANK all reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the FLSA.

28.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, LIBIA VERONICA OSPINA, demands judgment against Defendant, EXECUTIVE BANKING CORPORATION, a/k/a EXECUTIVE NATIONAL BANK, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues so triable.


Dated:  December 16, 2019                        Respectfully submitted,

                                          By:     **KEITH M. STERN**
                                                  Keith M. Stern, Esquire
                                                  Florida Bar No. 321000
                                                  E-mail:  employlaw@keithstern.com
                                                  LAW OFFICE OF KEITH M. STERN, P.A.
                                                  80 SW 8th Street, Suite 2000
                                                  Miami, Florida 33130
                                                  Telephone:  (305) 901-1379
                                                  Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1.      I consent to be a party plaintiff in a lawsuit against Defendant, **Executive Banking Corporation d/b/a Executive National Bank**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2.      I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims.  I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

*Libia Veronica Ospina*
Libia Veronica Ospina (Dec 5, 2019)

**Libia Veronica Ospina**