## SETTLEMENT AGREEMENT AND RELEASE

1.  This Settlement Agreement and Release (the "Agreement") covers all understandings between LIBIA VERONICA OSPINA (hereinafter referred to as "Plaintiff," a term which includes Plaintiff's successors, beneficiaries, personal representatives, and heirs), and EXECUTIVE BANKING CORPORATION d/b/a EXECUTIVE NATIONAL BANK, along with its successors and assigns (hereinafter referred to as "Defendant").

2.  For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

    A.  In exchange for the consideration in this Agreement, Plaintiff unconditionally releases and discharges Defendant and its past and present parents, successors, subsidiaries, affiliates, related entities, divisions, attorneys, insurers and assigns, and all of its and their current, former, and future owners, officers, directors, shareholders, members, partners, heirs, successors, assigns, beneficiaries, servants, employees, representatives, agents and attorneys (collectively, the "Defendant Released Parties") from any and all claims, charges, liabilities, actions and causes of action of any kind or nature that Plaintiff once had, now has or may have against the Defendant Released Parties resulting from any acts, omissions, events, matters, causes, facts or things occurring or existing prior to the date that this Agreement is fully executed and unconditionally delivered by the parties hereto, whether arising out of Plaintiff's employment with Defendant or otherwise, and whether such claims are now known or unknown to Plaintiff, including, but not limited to, all claims by Plaintiff against Defendant which are in any way connected to the lawsuit pending in the United States District Court for the Southern District of Florida, Case No. 1:19-cv-25162-CIV-UNGARO/O'SULLIVAN (the "Lawsuit"), except that this release does not compromise, waive, or prejudice any claims for re-employment assistance, a/k/a unemployment, benefits consistent with Florida Statutes §443.041(1), or any claims arising for worker's compensation benefits consistent with Florida Statutes §440.21.

    Notwithstanding the above, Plaintiff does not waive her right to file a charge or complaint with the Equal Employment Opportunity Commission ("EEOC"), National Labor Relations Board ("NLRB"), or the Florida Commission on Human Relations ("FCHR"), but Plaintiff waives, foregoes, and relinquishes the recovery of any legal and equitable relief that may be claimed by Plaintiff, or offered or awarded to Plaintiff, or that may be sought or recovered by any individual or entity on behalf of Plaintiff, in conjunction with any charge, investigation or proceeding conducted by or before the EEOC, NLRB, FCHR, or any similar federal, state or local agency.

    B.  To have her attorney prepare and facilitate the filing of a joint motion for approval and dismissal with prejudice of the Lawsuit together with this Agreement to the Court for review and approval pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), with the Court to

1

    retain jurisdiction to enforce this Agreement.

C. Plaintiff agrees and acknowledges that this settlement does not constitute an admission by Defendant of, and that Defendant denies, any violation of any federal, state, or local statute, ordinance, or regulation, or any violation of any rights of Plaintiff or of any duty owed by Defendant to Plaintiff.

D. Plaintiff acknowledges that she has no unknown or unreported workplace injuries from her employment with Defendant.

E. Plaintiff shall not now or at any time in the future, directly or indirectly, make any disparaging statements concerning the Defendant Released Parties, or concerning Defendant's past or present clients, customers or services, to the press, to present or former employees, clients or customers of Defendant, or to any individual or entity with whom or which Defendant has a working or business relationship, including, but not limited to, Defendant's customers, clients, suppliers, and contractors, or to any other person or entity, where such comment or statement could adversely affect the conduct of Defendant's business or its reputation.

F. Plaintiff's employment with Defendant terminated in September 2019. Plaintiff agrees that she will not now or at any time in the future seek employment with Defendant. Plaintiff also agrees that Defendant is entitled to reject without cause any application for employment with Defendant that Plaintiff may make in the future.

3. For and in consideration of the promises made by Plaintiff in Paragraph 2 of this Agreement, Defendant agrees as follows:

A. Defendant agrees to deliver to Keith M. Stern, P.A., within ten (10) days of the Court's order of approval of this Agreement and dismissal with prejudice of the Lawsuit, the total sum of Twenty Thousand Fifty-Nine Dollars and Thirty Cents ($20,059.30), less required deductions, in four (4) checks as follows: (i) one check made payable to Libia Veronica Ospina in the amount of $7,004.65 less applicable tax withholdings as consideration for Plaintiff's alleged unpaid overtime wages, for which a Form W-2 shall be issued to Plaintiff; (ii) one check made payable to Libia Veronica Ospina in the amount of $7,004.60, from which no withholdings shall be taken and a Form 1099 shall be issued to Plaintiff, as consideration for Plaintiff's alleged liquidated damages; (iii) one check made payable to Libia Veronica Ospina in the amount of $500.00 as consideration for the general release and promises provided herein, for which a Form 1099 shall be issued to Plaintiff, and (iv) one check made payable to Keith M. Stern, P.A. in the amount of $5,550.00 which includes consideration of $5,000.00 in satisfaction of all of Plaintiff's attorneys' fees and $550.00 for costs.

B.  In exchange for the consideration in this Agreement, Defendant releases Plaintiff from any and all claims, charges, actions and causes of action of any kind or nature that Defendant once had or now has, whether arising out of Plaintiff's employment with Defendant or otherwise, and whether such claims are now known or unknown to Defendant.

C.  Defendant agrees not to disclose to any third parties the fact that Plaintiff filed any claims against Defendant. In this regard, employment inquiries or reference about Plaintiff may be directed to Defendant's Human Resources Director, which inquiry will be responded to consistent with Defendant's policy of only confirming the dates during which Plaintiff performed work for Defendant, the job/position Plaintiff held with Defendant, and Plaintiff's final rate of pay.

D.  Defendant agrees to the filing of a joint motion for approval and dismissal with prejudice in the Lawsuit as part of which this Agreement will be filed in the pubic record for the Court to review and approve the parties' settlement pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), with the Court to retain jurisdiction to enforce this Agreement.

4.  In the event the Court in the Lawsuit does not ultimately approve this Agreement, notwithstanding the parties' best efforts to finalize same, or otherwise fails to dismiss the Lawsuit with prejudice, the Lawsuit shall proceed as if the parties have not entered into this Agreement and this Agreement shall be null and void.

5.  Plaintiff represents and warrants that she has not sold, assigned, transferred, conveyed or otherwise disposed of any claim, demand or legal right that is the subject of this Agreement.

6.  This Agreement shall be binding upon each of the parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

7.  Plaintiff represents that, as of the date that this Agreement is executed, she is not aware of any additional claims that she may have against the Defendant Released Parties and hereby certifies that she has not filed any claim (except the Lawsuit released herein), and will not file any claims, demands, liabilities, and causes of action against the Defendant Released Parties for any claim released under this Agreement.

8.  In the event that Plaintiff or Defendant commence(s) an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of her/his/its reasonable attorneys' fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

9.  Plaintiff and Defendant agree that this Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had

the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

10. This Agreement may be executed electronically and in separate counterparts, each of which will be deemed to be an original and which, taken together, will constitute one and the same agreement. Facsimiles and electronic copies of signatures shall be deemed as effective as an original.

11. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by Plaintiff and Defendant.

12. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement and all other valid provisions shall survive and continue to bind the parties.

13. This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by the parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

14. The law governing this Agreement shall be that of the United States and the State of Florida.

15. The parties agree to cooperate fully in the execution of any documents or performance in any way which may be reasonably necessary to carry out the purposes of this Agreement and to effectuate the intent of the parties hereto.

DATE: Jan 10, 2020      Signature: Veronica Ospina (Jan 10, 2020)
                                  Plaintiff, LIBIA VERONICA OSPINA

DATE: 1/13/2020          Signature: _____
                                  On behalf of Defendant, EXECUTIVE
                                  BANKING CORPORATION, d/b/a
                                  EXECUTIVE NATIONAL BANK